Michael Machat, Esq. SB# 109475
MACHAT & ASSOCIATES, P.C.
8730 W. Sunset Blvd., Ste 250
W. Hollywood, CA 90069
Telephone: (310) 860-1833
Email: michael@machatlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY MARGRILL, | CASE NO. |
| Plaintiff, | |
| vs. | **COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION** |
| ROCKSBOX, INC, SATYA JEWELRY, INSPIRE ME BRACELETS LLC dba INSPIRATION CO, and CATALYST BRANDS, LLC dba JC PENNY, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## I.   INTRODUCTION

Plaintiff Mary Margrill has been a pioneer in the world of jewelry for more than 30 years. Mary Margrill is best known as the founder of contemporary spiritually inspired jewelry. Her jewelry is worn by celebrities, yogis, transformational leaders and the everyday hero. Throughout the years, Ms. Margrill's jewelry collections have been sold in major retail stores and online, from her website www.marymargrill.com, where she also offers handmade bespoke pieces.

This lawsuit concerns one of Mary Margrill's trademarks, I AM BLESSED,

which retails for up to $1800 per piece for a 14-karat gold neckless. The defendants are selling knock-off pieces of jewelry with the same name, I AM BLESSED, and retailing gold color versions of it for as low as $99.

## II. JURISDICTION AND VENUE

1. Plaintiff brings this action for injunctive relief and damages arising out of the unauthorized, unfair, and deceptive competitive practices of Defendants, and each of them, in connection with the commercial use and exploitation of trademarks in violation of the Lanham Act.

2. This action arises under the Trademark Laws of the United States, including particularly, Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125. Jurisdiction is conferred on this Court by 15 U.S.C. Section 1121(a), by 28 U.S.C. Section 1338(a), in that this case arises under the Trademark Laws of the United States, 15 U.S.C. Sections 1051, *et seq.*, and by principles of pendent jurisdiction. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) as Defendants transact business in the Central District of California, and a substantial part of the events or omissions giving rise to the claim occurred within this District.

## III.   THE PARTIES

3. Plaintiff Mary Margrill is the registrant of the trademark that defendants have infringed. Ms. Margrill currently resides in Texas.

4. Defendant Rocksbox ("Rocksbox") is upon information and belief a Delaware Corporation based and founded in San Francisco, California. It has retail stores in Los Angeles County and elsewhere throughout California and the United States.

5. Defendant Rocksbox also markets and sells the accused product directly to consumers in California and throughout the United States via its website, https://www.rocksbox.com.

6. Defendant Satya Jewelry. ("Satya") is upon information and belief a New York Corporation based in New York, selling the accused product in this

lawsuit to retailers within this judicial district, including to Defendant Rocksbox.

7. Defendant Satya also markets and sells the accused product directly to consumers in California and throughout the United States via its website, https://www.satyajewelry.com.

8. Defendant Inspire Me Bracelets, LLC is upon information and belief a Florida limited liability company based in Ft. Lauderdale, Florida doing business as Inspiration Co ("Inspiration Co"). Defendant Inspiration Co sells bracelets unlawfully branded with Plaintiff's trademark I AM BLESSED throughout the US.

9. Defendant Inspiration Co also markets and sells the accused product directly to consumers in California and throughout the United States via its website, https://www.inspirationco.com.

10. Defendant Catalyst Brands, LLC ("Catalyst") is a limited liability company with offices in Plano, Texas, Los Angeles, Seattle and New York. Defendant Catalyst does business as JC Penny, with JC Penny retail stores in this district. Defendant Catalyst markets and has sold the accused product directly to consumers in California and throughout the United States via its website, www.jcpenny.com.

### IV.   FACTS GIVING RISE TO THIS ACTION

11. Plaintiff Mary Margrill has been doing business as MARY MARGRILL since at least 2001 and has built up a celebrity following.

12. In June of 2024, Mary Margrill created and began selling a jewelry collection entitled I AM BLESSED. Two years later, on June 27, 2006, the U.S. Patent & Trademark Office issued Ms. Margrill, Trademark Registration Number 3108978 for I AM BLESSED for jewelry. Exhibit 1.

13. On April 6, 2012, Ms. Margrill's I AM BLESSED trademark became incontestable.

14. Ms. Margrill currently sells pieces of her I AM BLESSED line of jewelry on her website, www.marymargrill.com for prices ranging from

MACHAT & ASSOCIATES, P.C.
8730 W Sunset Blvd., Ste. 250
W. Hollywood, California 90069
Telephone: (310) 860-1833

approximately $495, for sterling silver, to $1800, for 14-karat yellow gold. Attached as Exhibit 2 are illustrative pictures of Ms. Margrill's I AM BLESSED line of jewelry over the years depicting necklaces, rings and bracelets.

15. Defendants have been selling counterfeit versions of Plaintiff's I AM BLESSED jewelry at prices approximately 95% less than what Mary Margrill currently sells her authentic hand-made pieces for.

16. Attached as Exhibit 3 is an example of such a counterfeit piece offered for sale by Defendant Rocksbox at its Century City, Los Angeles location. As the display reveals, this counterfeit piece is made in India, perhaps partially explaining the vast difference in price to what Plaintiff currently sells her pieces of jewelry for. Of course, Mary Margrill uses 14-karat yellow gold on her expensive pieces, whereas the defendants only use imitation gold and silver.

17. Over the years, Mary Margrill has sold her I AM BLESSED line of jewelry for lower prices, similar to what defendants are selling knockoff pieces for. As the trademark and brand owner, Ms. Margrill needs to control the public perception of her brand, and Defendants are interfering with Ms. Margrill's ability to market her brand as she sees fit and at the pricing she thinks is best.

18. Page 2 of Exhibit 3 is a screenshot from defendant Rocksbox website showing the same item sold for sale online.

19. Attached as Exhibit 4 is a screenshot from defendant Satya's website showing the same Indian manufactured infringing item as depicted in Exhibit 2, offered for sale for $139.00.

20. Attached as Exhibit 5 is a screenshot from defendant Inspiration Co's website showing Inspiration Co's infringing item sold for just $88.95.

21. Attached as Exhibit 6 is a screenshot from defendant Catalyst's JC Penny website showing it sold jewelry that also infringed Ms. Margrill's trademark.

22. The likelihood of trademark confusion is evident in this case. The goods sold by the parties are the same, i.e., each party sells jewelry. All parties sell

the goods online, and the marks are identical – as Defendants are counterfeiting Plaintiff's name. The counterfeiting by defendants has caused incidents of actual confusion with Plaintiffs' trademark I AM BLESSED.

23. Defendants' wrongful acts and omissions are damaging Mary Margrill's I AM BLESSED brand and spoiling and diluting the premium image and status of Ms. Margrill's personal brand as well. Defendants' wrongful acts and omissions have caused and continue to cause consumers to think that Plaintiff's' jewelry is not as high quality as it actually is and has damaged and continues to damage consumers' perception of Plaintiffs' brands and products.

24. Plaintiff Mary Margrill sells products to celebrities. Celebrities, in general, do not want to buy cheap products. The only way to offset the damage defendants have caused entails spending lots of money on corrective advertising.

## COUNT I – VIOLATION OF LANHAM ACT 15 U.S.C. §1114

(Against All Defendants)

24. Plaintiffs re-allege the allegations in paragraphs 1 though 22.

25. Defendants have engaged in, and continue to engage in, the wrongful exploitation of the aforementioned registered trademark.

26. Defendants wrongful use of Plaintiffs' trademark not only is *likely to confuse* consumers as to the source and origin of defendants' goods but actually has already caused *actual confusion* as to the source and origin of defendants' products.

27. Defendants' counterfeit jewelry branded as I AM BLESSED so closely resembles Plaintiff's jewelry that the public is likely to be confused and deceived, and to assume erroneously that defendants' jewelry is that of Plaintiff, or that defendants counterfeit products are in some way connected with, sponsored by, or affiliated with Plaintiff, all to Plaintiff's detriment and irreparable damage.

28. Alternatively, if Defendants are not stopped from using Plaintiff's I AM BLESSED mark, then consumers will likely be confused about the source of Plaintiff's products and services and mistakenly conclude that Plaintiff's products

5

or services are associated with Defendants or that Plaintiff is knocking off Defendants.

29. Defendants counterfeit products are not affiliated with, connected with, endorsed by, or sponsored by Plaintiff, nor has Plaintiff approved or authorized any of the goods or services offered or sold by defendants.

30. Plaintiff has no control over the nature and quality of the goods offered and sold by defendants or its licensees. Any failure, neglect, or default by defendants or its licensees in providing such products will reflect adversely on Plaintiff as being the believed source of said failure, neglect, or default, thereby hampering Plaintiff's efforts to continue to protect her outstanding reputation and preventing Plaintiff from further building upon her reputation. Said failure, neglect, or default will result in loss of sales by Plaintiff, and loss of value of Plaintiff's considerable expenditures to promote her goods and services under her brands including her I AM BLESSED brand but also her own brand MARY MARGRILL all to the irreparable harm of Plaintiff.

31. Defendants have committed trademark infringement of Plaintiff's trademark in their deceptive marketing of jewelry using the I AM BLESSED brand.

32. Defendants have induced and enabled others to infringe Plaintiff's trademarks, and trade names.

33. Defendants have acted with bad intent and culpably in selecting, using, and approving of the use of Plaintiff's trademarks in the distribution, marketing, promotion, advertisement, offering for sale, and sale of jewelry.

34. Defendants have promoted, advertised, offered for sale, and/or sold, jewelry using the I AM BLESSED trademark through persons not authorized, employed by, or associated in any way with Plaintiff and have used the I AM BLESSED trademark as a false designation and a false representation for jewelry.

35. None of the Defendants' activities alleged in this complaint have been

authorized by Plaintiff, and such unauthorized use by Defendants of Plaintiff's trademarks in interstate commerce, commerce substantially affecting interstate commerce in this district, and elsewhere throughout the United States, constitutes infringement and an inducement to infringe Plaintiff's registered trademark, and such activities are likely to cause confusion, mistakes, and to deceive the public at large.

36. Upon information and belief, Defendants have acted with the unlawful purpose of:

    a. Improperly taking advantage of the valuable goodwill belonging to Plaintiff;

    b. Soliciting Plaintiff's customers and/or potential customers, attempting to sell, and selling to such customers and potential customers, jewelry marketed under the I AM BLESSED brand name through persons not authorized by, employed by, or associated in any way with Plaintiff;

    c. Inducing others to infringe Plaintiff's trademark; and

    d. Causing the goods of persons not authorized by, employed by, or associated in any way with Plaintiff to be falsely represented as if they were rendered, authorized, sponsored by, endorsed by, or otherwise connected with Plaintiff and her trademark.

37. Defendants' conduct, as alleged in this complaint, constitutes a violation of 15 U.S.C. § 1114.

38. If Defendants are allowed to continue marketing and selling the accused products, Plaintiff will be damaged as alleged in this complaint, and the Defendants will profit thereby. Furthermore, unless the Court permanently enjoins Defendants' conduct as alleged in this complaint, Plaintiff's business, goodwill, and reputation will suffer irreparable injury of an insidious and continuing sort that cannot be adequately calculated and compensated in monetary damages.

7

39. Defendants' aforementioned acts and conduct are being done willfully and with an intent to ride on, and/or step on and demolish, the goodwill Plaintiff has worked hard to develop. Plaintiff is therefore entitled to treble damages arising therefrom, as well as reimbursement of Plaintiff's attorneys' fees and costs.

40. The intentional nature of defendants' acts makes this an exceptional case under 15 U.S.C. §1117(a).

41. The intentional nature of defendants' acts and conduct makes this a case suitable for an award of Three Times Defendants' profits.

42. Since the defendants have intentionally continued to use the mark in commerce knowing such mark is a counterfeit, defendants are additionally liable for damages under 15 U.S.C. §1117 (c) for counterfeiting of at least $1,000 per item sold or $200,000 per counterfeit mark sold.

## COUNT II
## <u>VIOLATION OF LANHAM ACT 15 U.S.C. §1125</u>
### (Against All Defendants)

43. Plaintiff repeats each allegation contained in paragraphs 1 through 42 as though set forth herein at length.

44. Defendants have engaged in, and continue to engage in, the wrongful exploitation of Plaintiff's I AM BLESSED brand.

45. Defendants' goods are so closely related to Plaintiff's goods that the public is likely to be confused, to be deceived, and to erroneously assume that Defendants' marketing and sale of their I AM BLESSED marked jewelry as packaged, advertised and promoted, is that of Plaintiff, or that Defendants are in some way connected with, sponsored by, or affiliated with Plaintiff, all to Plaintiff's detriment and irreparable damage.

46. Alternatively, if Defendants are not stopped from using Plaintiff's I

AM BLESSED mark, then consumers will likely be confused about the source of Plaintiff's products and services and mistakenly conclude that Plaintiff's products or services are associated with Defendants or that Plaintiff is knocking off Defendants.

47. Defendants are not affiliated with, connected with, endorsed by, or sponsored by Plaintiff. Furthermore, Plaintiff has not approved any of the goods or services offered or sold by the Defendants.

48. Defendants' conduct as alleged herein is likely to cause confusion, mistake and deceive the public as to the affiliation, connection, or association of defendants counterfeit goods (and/or defendants' co-conspirators) with Plaintiff, and/or as to the origin, sponsorship or approval of Defendants' I AM BLESSED branded jewelry.

49. Defendants' aforesaid infringing conduct has been willful and committed with an intent to ride on, and/or step on and demolish, the goodwill Plaintiff has worked hard to develop. Defendants' aforesaid infringing conduct has been willful and with knowledge that the sale, marketing, advertisement, and promotion of their jewelry will damage the goodwill of and hurt the prospects of future commercial success of Plaintiff's I AM BLESSED and MARY MARGRILL brands. Plaintiff is therefore entitled to treble damages arising therefrom, as well as reimbursement of Plaintiff's' attorneys' fees and costs.

## COUNT III

## UNFAIR COMPETITION – COMMON LAW, AND CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200 et seq.

50. Plaintiff repeats each allegation contained in paragraphs 1 through 49 as though set forth herein at length.

51. Defendants have engaged in unfair competition perpetrated against Plaintiff by reason of the conduct alleged herein.

52. The unlawful and unfair conduct is injuring the goodwill of Plaintiff.

53. Defendants are each liable for the unfair competition, and/or are liable for aiding and abetting such conduct.

54. By this conduct, Plaintiff has directly suffered injuries and each Defendant has been unjustly enriched.

55. Plaintiff is entitled to restitution, the recovery of damages, and the recovery of the profits earned by Defendants by virtue of their conduct.

56. As a consequence of the unfair competition by Defendants, Plaintiff is suffering irreparable injury, by reason of which such conduct should be enjoined.

57. Plaintiff is entitled to reasonable attorneys' fees.

58. Plaintiff is informed and believes, and on that basis alleges, that the aforementioned conduct of Defendants is willful, oppressive, fraudulent, and malicious, and Plaintiffs are therefore entitled to punitive damages.

## COUNT IV
## UNFAIR COMPETITION – COMMON LAW, CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17500 et seq.

59. Plaintiff repeats each allegation contained in paragraphs 1 through 58 as though set forth herein at length.

60. Defendants' use of the words I AM BLESSED in association with jewelry, misrepresents the nature, characteristics, identity, and source or sponsorship of Defendants' goods, constitutes aiding and abetting liability for deceptive, untrue, and misleading advertising and therefore constitutes a violation of, inter alia, California Business and Professions Code §§17500 et seq. and California common law.

61. Defendants' uses are likely to deceive and will continue to deceive the consuming public. Defendants knew, recklessly disregarded, or reasonably should have known that such packaging, advertising, marketing, and promotion was untrue and/or misleading.

62. As a result of the conduct described above, Defendants have been and/or will be unjustly enriched at the expense of Plaintiff and the general public. The interests of the general public and Plaintiff are, therefore, closely related.

63. If not enjoined, Defendants will be unjustly enriched, among other things, by the receipt of sales revenues from consumers who mistakenly think that they are purchasing one of Plaintiff's pieces of jewelry, both in California and throughout the world, but instead would be purchasing Defendants' goods which are promoted and sold through advertisements that affirmatively misrepresent, either directly or by implication, the nature, characteristics, identity, and source or sponsorship of the goods.

64. Pursuant to Business and Professions Code §§ 17203 and 17535, Plaintiff, on behalf of herself and the general public, which is unable effectively to assert its interests, seeks an order of this Court ordering Defendants immediately to cease such support for acts of unfair competition and false advertising, and enjoining Defendants from continuing to import or export, distribute, market, promote, advertise, offer for sale, and sell, jewelry (or jewelry accessories) branded with or promoted with the words I AM BLESSED, and from falsely advertising or conducting business via the unlawful, deceptive, unfair or fraudulent business acts and practices, and the untrue and misleading advertising complained of herein. Plaintiff additionally requests an order disgorging Defendants' ill-gotten gains and restitution of all monies wrongfully acquired by Defendants by means of their support of such acts of unfair competition and false advertising, damages, interest and attorneys' fees.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1. That the Court adjudge and decree that Defendants have falsely designated the origin of certain jewelry products as those of Plaintiff, have made and used false representations in connection with the sale, offering for sale, promotion and advertising of such products, and have unfairly competed with

Plaintiff at common law.

2. That the Court adjudge and decree that Defendants have infringed Plaintiffs' registered I AM BLESSED registered trademark for jewelry.

3. That the Court permanently enjoin Defendants, their agents, servants, employees, attorneys, and all persons acting in concert or participation with them, or with any of them from:

    a. Using I AM BLESSED or MARY MARGRILL in connection with the sale, offering for sale, advertising, and/or promotion of jewelry or other related products;

    b. Selling, offering to sell, marketing, distributing, advertising and/or promoting any jewelry item with the words I AM BLESSED or MARY MARGRILL displayed on the product, its packaging, advertising or promotional materials or on any website unless it is the genuine article sourced from Plaintiffs or Plaintiffs' representatives;

    c. Representing directly or indirectly by words or conduct that any piece of jewelry or accessory offered for sale, sold, promoted, or advertised by Defendants, is authorized, sponsored by, endorsed by, or otherwise connected with Plaintiff unless the jewelry or accessory is in fact the genuine article sourced from Plaintiff;

    d. Aiding or abetting in unfair competition against Plaintiff;

    e. Aiding or abetting in false advertising; and

    f. Inducing others to engage in any of these aforementioned acts.

4. That the Court award an amount to be determined at trial but at least an amount equivalent to treble the amount of Defendants' illicit profits or Plaintiff's lost profits, whichever is greater.

5. That the Court award Plaintiff at least an additional $500,000.00 to cover the cost of prospective corrective advertising.

6. That the Court award Plaintiff at least an additional $200,000.00 for its intentional counterfeiting of Plaintiff' registered mark.

7. That the Court award Judgment against Defendants for the full costs of this action, including the attorney's fees reasonably incurred by Plaintiff.

8. That the Court Order such other, further and different relief as the nature of this action may require and as the Court may deem just and proper.

9. That the Court retain jurisdiction of this action for the purpose of enabling Plaintiff, in her discretion, to apply to this Court at any time for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement of compliance therewith, and/or for the punishment of any violation thereof.

Respectfully submitted,

MACHAT & ASSOCIATES, P.C.

Dated: February 9, 2026    By: *Michael Machat*
Michael Machat, Esq.
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all issues raised by the Complaint.

Respectfully submitted,

MACHAT & ASSOCIATES, P.C.

Dated: February 9, 2026    By: *Michael Machat*
Michael Machat, Esq.
Attorneys for Plaintiff

13